IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWASKI D. CHANNEL, TDCJ #662763, Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-05-1160 |
| DOUG DRETKE, Director, Texas Department of Criminal Justice - Correctional Institutions Division, Respondent. | § | |

**ORDER**

The petitioner, Lawaski D. Channel, filed this action seeking federal habeas corpus relief from a state court conviction entered against him in 1992. On April 8, 2005, the Court entered a final judgment dismissing this case as barred by the applicable one-year statute of limitations. Channel has now filed a motion for reconsideration. (Docket Entry No. 8). The petitioner's motion is **denied** for reasons that follow.

The Court construes the petitioner's motion as one seeking to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1] *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (citing *Lavespere v. Niagara Mach. & Tool Works Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), and *Harcon Barge Co. v. D&G Boat*

---

[1] There is no "motion for 'reconsideration' in the Federal Rules of Civil Procedure." *Bass v. United States Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000). Rather, if filed within ten days of the district court's judgment, such a motion is construed as filed pursuant to Rule 59(e). *See id.* Motions that are not timely under Rule 59 must be treated as motions filed under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

*Rentals*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc)). A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

The petition filed in this case, on March 1, 2005, challenges a conviction from the 12th District Court of Walker County, Texas, in 1992, for aggravated assault of a correctional officer in cause number 17,044. The Court found that Channel's federal habeas corpus petition was time-barred because it was filed well after the expiration of the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), codified at 28 U.S.C. § 2244(d)(1). The Court further found that there was no valid basis to toll the prescriptive period. Accordingly, the Court dismissed Channel's petition as barred by the governing statute of limitations.

Channel argues that his challenge to the 1992 aggravated assault conviction is not time-barred because it was recently used to enhance another conviction entered against him in Brazoria County, Texas, in cause number 40741.[2] Channel is mistaken. According to the the AEDPA, the statute of limitations for Channel's 1992 conviction began to run on the date

---

2 The Court takes judicial notice that Channel received another conviction in the state district court in Brazoria County, in February 2002, for assault on a public servant. He reportedly received a forty-year prison sentence in that case. Channel's federal habeas corpus petition attacking that 2002 conviction is presently pending in a separate action. *See Channel v. Dretke*, Civil Action No. G-05-cv-0154 (S.D. Tex.).

the judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As explained in the dismissal order, Channel was afforded a one-year grace period to file his claims for relief in federal court concerning the 1992 conviction because that conviction became final before the AEDPA's one-year statute of limitations went into effect on April 24, 1996. *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999) (discussing a habeas corpus application filed under 28 U.S.C. § 2255). This means that Channel had until April 24, 1997, to file his federal writ. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). Channel failed to file a timely petition to challenge the 1992 conviction and he does not cite any valid reason for tolling the limitations period.

Because Channel has failed to show that the dismissal order was entered in error, it is **ORDERED** that his motion for reconsideration (Docket Entry No. 8) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **April 20, 2005.**

Nancy F. Atlas
United States District Judge